[Crim. No. 2621. Second Appellate District, Division Two.—March 1, 1935.]

THE PEOPLE, Respondent, v. HENRY MEDLER et al., Appellants.

Clark & Olmstead for Appellants.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendants were convicted by a jury of nine counts of first degree robbery and by the court of violation of chapter 339, Statutes of 1923, as amended in 1931, Act 1970, section 2—"Deadly Weapon Act" (Deering's Gen. Laws 1931, vol. 1, p. 901)—for possession of deadly weapon after conviction of a felony. From judgments thereon and orders denying motion for new trial they appeal.

It is first urged that identification of defendants was insufficient. An examination of the transcript shows a clear and explicit assertion by each witness that defendants were those who perpetrated the crime. The similarity in offenses is noted by appellants in their opening brief: "The evidence shows the general plan in all nine robberies was the same; that certain individuals came to the . . . stores either just as they were opening in the morning or just at the closing time in the evening; that two men were acting together; that they would come in, one of them make a small purchase and then hold up the employees in the store, locking them in the washroom and taking the cash out of the cash register òr wherever it could be found." This tends to confirm the correctness of the jury's conclusion.

Certain clothes were shown to witnesses for the prosecution and they testified that the clothing was similar to that worn by the men who held them up. The articles were offered but were not admitted in evidence. The questions asked concerning them are declared to have been prejudicial misconduct by the district attorney. The latter also asked a woman who was a defense witness and who had a room adjoining that of defendant DeLarvalard in a hotel whether there was a connecting door between the rooms. Objection to the question was sustained, and it is assigned as misconduct. We find no merit in these contentions.

█ When the jury had agreed on all but one charge they were brought into the jury box and asked by the court, "Is there any probability of arriving at a verdict?" It was intimated that if they failed to agree on the one remaining count the court might decide to receive their other verdicts and discharge them, but there is no hint of rebuke or importunity in the words used. They again retired and reached a verdict on the remaining count. It appears that the trial court was well within the limits of its discretion in this matter.

█ There is abundant evidence to support conviction of each defendant on each charge. It appears that each was accorded a fair trial and that denial of a new trial by the court was proper.

Judgments and orders affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 28, 1935.